1  DARIN SNYDER (S.B. #136003)
dsnyder@omm.com
2  O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
3  San Francisco, California 94111-3823
Telephone:  (415) 984-8700
4  Facsimile:  (415) 984-8701

5  ERIC AMDURSKY (S.B. #180288)
eamdursky@omm.com
6  O'MELVENY & MYERS LLP
2765 Sand Hill Road
7  Menlo Park, California  94025-7019
Telephone:  (650) 473-2600
8  Facsimile:  (650) 473-2601

9  Attorneys for Plaintiff
Zynga Inc.
10

11              **UNITED STATES DISTRICT COURT**

12            **NORTHERN DISTRICT OF CALIFORNIA**

13                    **SAN FRANCISCO**

14

15  ZYNGA INC.,                           Case No.

16              Plaintiff,              **ZYNGA'S *EX PARTE***
                                        **APPLICATION FOR AN ORDER**
17        v.                            **PERMITTING EXPEDITED**
                                        **DISCOVERY AND**
18  SCOPELY, INC., a Delaware           **PREVENTING DESTRUCTION**
Corporation, MASSIMO MAIETTI, an        **OF EVIDENCE**
19  individual, and EHUD BARLACH, an
individual,
20
              Defendants.
21

22

23

24

25

26

27

28

1    TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

2    Plaintiff Zynga Inc. ("Zynga") hereby applies to this Court *ex parte* for an

3    Order: (1) permitting Zynga to immediately serve discovery requests pursuant to

4    Federal Rules of Civil Procedure 33 and 34; (2) requiring Defendants Scopely, Inc.

5    ("Scopely"), Massimo Maietti ("Maietti"), and Ehud Barlach ("Barlach")

6    (collectively, "Defendants") to respond to the discovery requests within seven

7    calendar days; and (3) preventing Defendants from engaging in any conduct that

8    would result in the altering, destroying, or disposing of any materials related to this

9    action, including any confidential information Defendants obtained from Zynga.

10   Zynga has attached hereto as Exhibits 1-6 the proposed sample Requests for

11   Production of Documents and Interrogatories that it would serve on Defendants.

12   Zynga makes this Application on the grounds that the expedited discovery

13   and responses are necessary to prevent further irreparable harm to Plaintiff from

14   Defendants' use or disclosure of Zynga's trade secrets, and to ensure that evidence

15   essential to the Court's determination of Zynga's Application for an Order to Show

16   Cause re: Preliminary Injunction can be marshaled and brought before the Court

17   and is not destroyed by Defendants.  The basis for this immediate relief is set forth

18   more fully in Zynga's Ex Parte Application for Temporary Restraining Order.

19   This Application is based on this Notice, the accompanying Memorandum of

20   Points and Authorities, the Application for Temporary Restraining Order and Order

21   to Show Cause re: Preliminary Injunction and supporting Memorandum of Points

22   and Authorities, the accompanying Declarations of Tracy Esposito, Pete Hawley,

23   Scott Koenigsberg, Melanie Maugeri, and Josh Park, the records on file with this

24   Court and such other and further showing as may be made before the Court.

25

26

27

28

                                                    EX PARTE APP. FOR EXPEDITED
                                            DISCOVERY AND EVID.  PRESERVATION

1

2
Dated:  November 29, 2016          O'MELVENY & MYERS LLP

3
By:    */s/ Eric Amdursky*

4
Eric Amdursky
Attorneys for Plaintiff Zynga Inc.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 3 - -

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.   INTRODUCTION**

3      Plaintiff Zynga Inc. ("Zynga") requests that the Court order expedited

4   discovery concurrently with – and as an essential component of – its *ex parte*

5   application for a Temporary Restraining Order and Order to Show Cause re:

6   Preliminary Injunction ("TRO Application").  Limited but immediate discovery is

7   necessary in this case to identify documents and other evidence establishing

8   whether Defendants Scopely, Inc. ("Scopely"), Massimo Maietti ("Maietti"), and

9   Ehud Barlach ("Barlach") have used the Zynga trade secrets in their possession and

10   have followed through on their plans to solicit Zynga employees in violation of

11   Maietti's and Barlach's non-solicitation obligations.  This order is necessary to

12   identify evidence that is relevant to Zynga's TRO application, to preserve evidence

13   that might otherwise be destroyed prior to the Rule 26(f) scheduling conference,

14   and to ensure that any relief granted by this Court enjoining further disclosure can

15   have its full and intended effect.

16      In light of the substantial monetary value of the information that is already

17   known to have been stolen and the solicitation efforts that have already occurred,

18   good cause exists to permit immediate limited discovery and to require Defendants

19   to respond to this discovery within seven calendar days.  Granting Zynga such

20   expedited discovery will help avoid the intentional or inadvertent destruction of

21   evidence and allow Zynga to take the necessary steps to protect its rights.

22

**II.   ARGUMENT**

23

**A.   GOOD CAUSE EXISTS FOR EXPEDITED DISCOVERY.**

24      Federal Rule of Civil Procedure 26 contemplates that discovery ordinarily

25   will be taken after the scheduling conference, but it expressly provides that

26   discovery may be taken at any earlier time by court order:  "A district court is

27   vested with broad discretion in entertaining a discovery motion, and the Rules are

28   to be liberally construed and applied."  *Soler v. G & U, Inc.*, 86 F.R.D. 524, 531

- 1 -

1   (S.D.N.Y. 1980) (granting motion for expedited discovery).  Federal courts have

2   "applie[d] the conventional standard of good cause in evaluating Plaintiff's request

3   for expedited discovery."  *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208

4   F.R.D. 273, 276 (N.D. Cal. 2002).  For example, "[g]ood cause may be found

5   where the need for expedited discovery, in consideration of the administration of

6   justice, outweighs the prejudice to the responding party."  *Id.* (noting that "good

7   cause is frequently found in cases involving claims of infringement and unfair

8   competition.").

9       "Courts have held that expedited discovery is warranted 'when some unusual

10  circumstances or conditions exist that would likely prejudice the party if they were

11  required to wait the normal time.'"  *Physicians Interactive v. Lathian Systems Inc.*,

12  69 U.S.P.Q.2d 1981, 1984-85 (E.D. Va. 2003) (quoting *Fimab-Finanzaria*

13  *Magklificio Beillese Fratelli Fila S.p.A. v. Helio Import/Export, Inc.*, 601 F. Supp.

14  1, 3 (S.D. Fla. 2003)); *see also Shutterfly, Inc. v. ForeverArts, Inc.*, 2012 U.S. Dist.

15  LEXIS 97775, at *10 (N.D. Cal. July 13, 2012) (granting TRO in a trade secret case

16  against a former employee and his new employer, prohibiting defendants from

17  destroying evidence, and granting "plaintiff's request for limited expedited

18  discovery prior to the preliminary injunction hearing."); *KLA-Tencor Corp. v.*

19  *Murphy*, 717 F. Supp. 2d 895, 898 (N.D. Cal. 2010) (noting that Court granted

20  TRO that prevented defendants from using plaintiff's trade secrets or destroying

21  evidence, required defendants to preserve electronic evidence, and allowed plaintiff

22  to take expedited discovery in the form of oral depositions); *Grooms v. Legge*, No.

23  09CV489-IEG-POR, 2009 WL 704644, at *12 (S.D. Cal. Mar. 17, 2009) ("Good

24  cause may be found where the need for expedited discovery, in consideration of the

25  administration of justice, outweighs the prejudice to the responding party.").

26      Good cause exists to grant expedited discovery here.  There is strong

27  evidence that Defendants executed a plan to wrongfully take Zynga's trade secret

28  information to Scopely, and Zynga needs information within Defendants' exclusive

EX PARTE APP. FOR EXPEDITED
DISCOVERY AND EVID.  PRESERVATION

1   control to establish the extent to which Defendants have made use of that

2   information for Scopely's benefit.

3        First, Maietti wrongfully took Zynga trade secrets to Scopely.  Forensic

4   analysis makes clear that, immediately before resigning, Maietti created nine "zip"

5   file repositories of substantially valuable Zynga trade secrets and copied them to a

6   portable USB device that he could take with him to Scopely.  (Maugeri Decl. ¶¶ 11-

7   16.)  The digital records that Maietti took the information are clear.  And they

8   strongly suggest that Maietti took the information for the purpose of benefitting

9   Scopely.  As is customary in these types of cases, Maietti entered into Employment

10  Invention Assignment and Confidentiality Agreement ("EIACA") in which he

11  agreed that he would -- among other things -- (a) not copy any of Zynga's

12  "Proprietary Information without the prior written consent of the Company, except

13  as may be necessary to perform [his] duties as an employee of the Company for the

14  benefit of the Company" and (b) return all of Zynga's trade secrets at the time of

15  his termination.  (Esposito Decl. ¶ 7, Exh. B.)  On top of that, Maietti's supervisor

16  verbally reminded him not to take any information or documents.  (Hawley Decl.

17  ¶ 7.)  Further, Maietti certified in writing *at the time of his termination* that he had

18  returned all information and documents to Zynga.  (Esposito Decl. ¶ 15, Exh. C.)

19  At no time did Maietti return the USB device to Zynga as he certified.  Given

20  Maietti's clear understanding that he was not allowed to take Zynga trade secrets,

21  and his written representation that he had not done so, there can be no question that

22  Maietti engaged in deliberate wrongdoing.

23       Discovery is necessary, however, to establish what Maietti did with Zynga's

24  trade secrets while working at Scopely.  Zynga has no access to Maietti's work at

25  Scopely and therefore cannot establish the extent to which Maietti has used Zynga

26  trade secrets to benefit Scopely without discovery.  The Court should permit limited

27  discovery on an immediate basis to allow Zynga to identify any use of its trade

28  secrets, both so that it can present that evidence at the preliminary injunction stage

- 3 -

EX PARTE APP. FOR EXPEDITED
DISCOVERY AND EVID. PRESERVATION

1    and so that Zynga can begin to address the harm caused by Defendants' misconduct

2    on a timely basis.  Expedited discovery is appropriate for those reasons.  *See, e.g.,*

3    *Whyte v. Schlage Lock Co.*, 101 Cal. App. 4th 1443, 1449 (2002) (in a trade secret

4    case, "[t]he court permitted expedited discovery, and rapid-fire discovery ensued.

5    The results of this discovery, as well as declarations, exhibits, and briefs were

6    submitted in support of and in opposition to the application for preliminary

7    injunction."); *American Credit Indemnity Co. v. Sacks*, 213 Cal. App. 3d 622

8    (1989) ("After issuance of the TRO, the parties conducted expedited discovery

9    which disclosed" facts used at the preliminary injunction stage).

10           Second, the discussion between Scopely and Barlach indicates a deliberate

11   plan to violate the non-solicitation obligations of former Zynga employees hired by

12   Scopely.  On August 10, 2016, while still employed by Zynga, Barlach sent an

13   iMessage to Christina Dunbar ("Dunbar"), Scopely's Talent Strategy Partner,

14   offering to consult with her regarding other Zynga employees that Scopely was

15   considering to target for employment at Scopely.  Dunbar responded:  "Thanks!!  I

16   was saving that for your first day! LOL I would be happy to hear about anyone you

17   think I should be trying to speak with.  Obviously I know you have the clause about

18   not taking people so I am always careful ☺"  (Maugeri Decl. ¶ 26.)  Because

19   Scopely is usually "careful" to discuss solicitation of Zynga employees when

20   Zynga can no longer monitor the communications, Zynga's access to evidence

21   regarding Defendants' breach of their non-solicitation obligations is limited.  But

22   the fact that Scopely broaches that subject on the first day that a former Zynga

23   employee starts with Scopely strongly suggests that there is evidence of such

24   breaches.  Zynga needs immediate discovery to uncover that evidence before the

25   Court rules on its application for a preliminary injunction, and so that it can try to

26   prevent harm from Scopely's solicitations on a timely basis.  *See Rent-A-Center,*

27   *Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir.

28   1991) ("intangible injuries, such as damage to ongoing recruitment efforts and

- 4 -

EX PARTE APP. FOR EXPEDITED
DISCOVERY AND EVID.  PRESERVATION

1    goodwill, qualify as irreparable harm.").

2        **B.    GOOD CAUSE EXISTS FOR AN EVIDENCE PRESERVATION**

3            **ORDER.**

4        In addition to seeking *limited* immediate discovery, Zynga also requests an

5    order preventing Defendants from destroying evidence so that Zynga can take more

6    comprehensive discovery as this case progresses.  Good cause exists for such an

7    order for two reasons.

8        First, in these types of cases, there is an inherent risk of inadvertent

9    destruction of evidence.  As Defendants continue to use their computers and other

10   storage media, critical data is being overwritten and will soon become irretrievably

11   lost.  This can occur even without any conscious decision by Defendants to destroy

12   evidence (although this too is a concern), but simply by continued use of the media

13   as old forensic data is overwritten with new information.  *See, e.g., Henry Schein,*

14   *Inc. v. Cook*, 2016 U.S. Dist. LEXIS 76038, at *15 (N.D. Cal. June 6, 2016)

15   (granting ex parte application requiring defendant "to preserve all documents, data,

16   tangible things, and other materials relating to the case, and further that [defendant]

17   not alter, destroy, or dispose of any evidence or materials related to this case.");

18   *Dodge, Warren & Peters Ins. Servs., Inc. v. Riley*, 105 Cal. App. 4th 1414, 1418,

19   130 Cal. Rptr. 2d 385 (2003) (granting motion to "freeze" electronically stored data

20   and noting plaintiff's concern "that even Defendants' innocent use of the media

21   could result in the destruction of potential evidence.").

22       Second, and more importantly, there is substantial reason to believe that

23   Defendants here may deliberately destroy evidence—and if they are not compelled

24   to preserve evidence, they may attempt to claim that their deliberate destructions of

25   evidence were inadvertent.  The risk of destruction of evidence is heightened

26   where, as here, there is evidence that Defendants have engaged in *deliberate*

27   misconduct, including not only Maietti's false representations regarding the return

28   of Zynga's trade secrets and Scopely's "careful" inducements of breaches of the

- 5 -

EX PARTE APP. FOR EXPEDITED
DISCOVERY AND EVID.  PRESERVATION

1  non-solicitation agreements, discussed above, but also the deletion of more than

2  24,000 files by a third former Zynga employee who went to work for Scopely.

3  (Maugeri Decl. ¶ 31.)  The fact that Defendants have already engaged in conduct

4  designed to conceal or destroy evidence gives rise to a strong possibility that they

5  will continue to do so unless prevented by this Court.

6      Notably, these same reasons for an evidence preservation order also support

7  Zynga's request for expedited discovery.  *See Qwest Communications Int'l, Inc. v.*

8  *Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003) ("Expedited

9  discovery may also be appropriate in cases where physical evidence may be

10  consumed or destroyed with the passage of time, thereby disadvantaging one or

11  more parties to the litigation.").  But since the expedited discovery Zynga seeks is

12  so limited, Zynga respectfully requests a preservation order as well.

13  **III.  CONCLUSION**

14      For the foregoing reasons, Zynga respectfully requests that the Court grant its

15  *ex parte* application for an order permitting expedited discovery, that it require

16  Defendants to respond to such discovery within seven calendar days, and that the

17  Court order Defendants not to destroy any evidence pending further discovery.

18  Dated:  November 29, 2016         DARIN SNYDER
                                      ERIC AMDURSKY
19                                    O'MELVENY & MYERS LLP

20

21                                    By:   */s/ Eric Amdursky*
                                                Eric Amdursky
22                                    Attorneys for Plaintiff
                                      Zynga Inc.
23

24

25

26

27

28

EX PARTE APP. FOR EXPEDITED
                                      DISCOVERY AND EVID.  PRESERVATION