ROBERT S. SHWARTS (STATE BAR NO. 196803)
rshwarts@orrick.com
MICHAEL D. WEIL (STATE BAR NO. 209056)
mweil@orrick.com
CATHERINE Y. LUI (STATE BAR NO. 239648)
clui@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, California 94105-2669
Telephone: 415-773-5700
Fax: 415-773-5759

Attorneys for Defendants Scopely, Inc., Massimo Maietti, and Ehud Barlach.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZYNGA, INC., <br><br> Plaintiff, <br> v. <br><br> SCOPELY, INC., a Delaware Corporation, MASSIMO MAIETTI, an individual, and EHUD BARLACH, an individual, <br><br> Defendants. | Case No. 16-cv-06855-VC <br><br> **DECLARATION OF MASSIMO MAIETTI IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER** <br><br> Courtroom: 4, 17th Floor <br> Judge: Hon. Vince Chhabria |

I, Massimo Maietti, declare as follows:

1. I have personal knowledge of the facts set forth in this declaration and could and would competently testify to them under oath if called as a witness.

2. Scopely, Inc. ("Scopely") sent me my final job offer July 1, 2016 and I accepted on July 6, 2016. I started at Scopely on August 1, 2016. I previously worked at Zynga, Inc. ("Zynga") from approximately January 2011 through July 21, 2016.

3. Before I left Zynga, I worked on a game that has the working title "Project Mars." I served as the Creative Director of the game. The complaint alleges that I downloaded a Mac-usable working version of the Project Mars social game on June 24 and June 28, 2016 and that I had no legitimate reason for possession of the Mac version of Project Mars. *See* Complaint ¶ 34. The allegation that I would have no legitimate reason to possess this version of the game is incorrect because I possessed the Mac version as part of my normal job duties. In June 2016, I had not accepted any job offer from Scopely and actively worked on Project Mars. Several of the developers on my Project Mars team had Mac-usable versions of Project Mars and recommended I also have the Mac version for testing purposes. During Project Mars' state of development, it was hard to test a specific aspect of the game on a mobile device and therefore, engineers started using the Mac version for testing. Thus, I used the Mac version to work around this problem.

4. Before I officially started at Scopely on August 1, and after I joined, the company has repeatedly counseled me that I should not use or disclose any Zynga confidential information or trade secrets. In fact, I have not forwarded or discussed any of Zynga's confidential information or trade secrets to any Scopely personnel. I have also not used any Zynga confidential information or trade secrets in my work at Scopely.

5. In fact, my work at Scopely relates to the development of a completely different genre of game than the work I did on Project Mars at Zynga. I am working on the development of a new game in the "general audience Casual PVP" genre. This "Casual" genre game means it can be enjoyed through short playing sessions, and monetizes modestly from each user, but can generate significant revenues by appealing to a large audience. The Scopely game, when

released, will be an ad-supported game. In contrast, Project Mars is in a completely different genre. I understand that Zynga is concerned that I am working on a game based on the television show *Breaking Bad* and Zynga contends that the information regarding "Project Mars could be very useful in the further development and modification of a game, like *Breaking Bad*, in the crime genre." *See* Declaration of Scott Koenigsberg, Dkt No. 4-15 ¶ 16. I am not working on the *Breaking Bad* game or any other crime genre game at Scopely nor have I consulted with anyone at Scopely about the *Breaking Bad* game or other crime genre games. I have never discussed my work on Project Mars with anybody at Scopely. Throughout my tenure at Scopely, I have worked exclusively on the above-mentioned Casual game, and this exclusive assignment was discussed and agreed upon with Scopely before my start date. In contrast to the general audience Casual game I am developing at Scopely, a crime genre game might be designed to appeal to a smaller, mature audience, but demands much higher dedication from its users, both in terms of time spent in the game and daily monetization. Crime genre games also do not leverage advertisement to generate revenue, which differs from the game I am currently working on at Scopely. Further, this is the first time I am working on this particular category of general audience Casual PVP free-to-play games—I did not work on this category of games while at Zynga.

6. No one at Scopely has ever asked me about or requested Zynga's confidential information or trade secrets, nor have I shared any such information with them.

7. Since I left Zynga, I have not solicited any current Zynga employee to come work at Scopely. Paragraph 47 of the Complaint alleges that I solicited Josh Park, a current Zynga employee, to come work at Scopely, which is incorrect. In fact, Josh Park initiated contact with me about Scopely. Attached hereto as **Exhibit A** is a true and correct copy of Mr. Park's email to me on August 2, 2016.

//
//
//
//

- 2 -

DECLARATION OF MASSIMO MAIETTI ISO
OPPOSITION TO TRO
CASE NO. 16-CV-06278-VC

OHSUSA:766137325.6

In Exhibit A, Mr. Park tells me: "Wanted to give you the heads up that I'll be heading down to talk to some people at Scopely for a PM role sometime in the next week or so. If you're free would be great to catch-up with you sometime before or after.  I'll let you know when my time-slot is finalized."

I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct.

Executed this 4th day of December 2016.

*/s/ Massimo Maietti*
Massimo Maietii

### Attestation re Electronic Signatures

I, Catherine Y. Lui, attest pursuant to Northern District Local Rule 5-1(i)(3) that all other signatories to this document, on whose behalf this filing is submitted, concur in the filing's content and have authorized this filing.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: December 5, 2016           CATHERINE Y. LUI
                                  Orrick, Herrington & Sutcliffe LLP


                              By:      */s/  Catherine Y. Lui*
                                       CATHERINE Y. LUI
                                       Attorneys for Defendant